**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK MORIARTY, | : | |
| | : | Civil Action No. 06-4498 (MLC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OCEAN COUNTY JAIL, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

MARK MORIARTY, Plaintiff pro se, # N0200
Ocean County Jail
120 Hooper Avenue, Toms River, New Jersey 08754

**COOPER**, District Judge

Plaintiff, Mark Moriarty, currently confined at the Ocean County Jail in Toms River, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. The

Dockets.Justia.com

Court concludes that the Complaint should be dismissed for failure to state a claim.

**BACKGROUND**

Moriarty brings this action against the Ocean County Jail and Sergeant Clark. Moriarty appears to be a pretrial detainee pending ongoing state criminal proceedings. He alleges that his conditions of confinement at the Ocean County Jail violate his constitutional rights.

Moriarty generally complains that he was housed in the gym at Ocean County Jail for three days, from January 30, 2006 to February 2, 2006. During this time, Moriarty had to sleep on the floor, eat on the floor, and share one toilet with 20 other inmates. He also alleges that he did not receive medication and had no telephone access for these three days. Finally, Moriarty states that he was not able to take a shower for four days.

Moriarty seeks unspecified monetary damages for the pain to his back and neck from these overcrowded conditions, and for the unhealthy living conditions he had to endure during that time.

**STANDARDS FOR A SUA SPONTE DISMISSAL**

A district court is required to (1) review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity, and (2) identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). But the Court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the

complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of claim but lacked sufficient detail to function as guide to discovery was not required to be dismissed for failure to state claim; district court should permit curative amendment before dismissing complaint, unless amendment would be futile or inequitable); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

**SECTION 1983 ACTIONS**

Moriarty brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights guaranteed under the United States Constitution. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The claim asserted against the Ocean County Jail is subject to dismissal, as jail facilities are not "persons" under § 1983.

See Grabow v. S. State Corr. Fac., 726 F.Supp. 537, 538-39 (D.N.J. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976). Thus, the Complaint will be dismissed in its entirety insofar as asserted against this defendant. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

The Court now turns to address the claim asserted against the remaining defendant, Clark, who oversaw the area wherein plaintiff was confined during the period of time at issue.

**ANALYSIS**

It appears that Moriarty is asserting an unconstitutional conditions of confinement claim based on an alleged deprivation of liberty without due process of law.

A liberty interest protected by the Due Process Clause may arise from either the Due Process Clause itself or state law. See Asquith v. Dep't of Corrs., 186 F.3d 407, 409 (3d Cir. 1999). Pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000). Analysis of whether such a detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979). Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee

> may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

441 U.S. at 535-39 (citations omitted). The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. Id. at 539

n. 20. Nor are grossly exaggerated responses to genuine security considerations. Id. at 539 n.20, 561-62.

The Supreme Court held in Bell that double-bunking under the circumstances presented there did not constitute punishment, and therefore, did not violate the pretrial detainees' due process rights. Id. at 541-43. The Court further noted that no due process violation occurred where pretrial detainees were detained for generally less than 60 days. However, the Court cautioned that: "confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privation and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment." Id. at 542.

Such circumstances of serious overcrowding in a county jail were presented in Union County Jail Inmates v. DiBuono, 713 F.2d 984 (3d Cir. 1983). There, the Third Circuit established a two-part test in line with Bell:

> we must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes. In assessing whether the conditions are reasonably related to the assigned purposes, we must further inquire as to whether these conditions "cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purpose assigned to them.

713 F.2d at 992.

Moriarty alleges that he was forced to endure overcrowded conditions in the gym, which required him to eat and sleep on the floor, and share a toilet with 20 inmates for three days. The Court finds that, even if these allegations are true, there was no prolonged deprivation of a constitutional magnitude that would suggest that the action taken by defendant Clark was intended to punish plaintiff, or that it was an exaggerated response to genuine security and administration considerations at the jail. Thus, the Complaint does not assert a claim that rises to the level of a constitutional deprivation, and the Complaint will be dismissed, in its entirety, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**CONCLUSION**

The Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court will issue an appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge